IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV165-03-MU

| | | |
|---|---|---|
| TONEY RECOE KING , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| CORRECTION, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed April 28, 2009. (Document No. 1. ) For the reasons stated herein, Plaintiff's

Complaint is dismissed,

Plaintiff who is currently housed at Avery Mitchell Correctional, contends that the

institution does not serve him an adequate quantity of food per meal or per day causing him

undue physical hardship because he is hungry and mental hardship because he worries about food

and cannot focus on his rehabilitation.  He further contends that he suffers greater punishment

than those "fortunate prisoners" who have family and friends who send them money to purchase

food and other items from the Canteen.  (Complaint at 7.)   Plaintiff also alleges that the

Department of Correction uses food as a tool of punishment because when a prisoner violates a

prison rule, the institution limits or, in some instance, restricts, that prisoner's spending in the

Canteen.  By way of relief, Plaintiff asks that this Court declare that Defendants have violated the

Constitution, issue a permanent injunction ordering all Canteens closed and directing that a food

1

inspector be assigned to each prison and punitive damages in the amount of $72,800.00 per defendant.

Plaintiff's claims regarding the portions of his food must fail. While Plaintiff delineates several different claims for relief, his main claim is that the food portions he receives are inadequate.[1] Plaintiff does not allege any illness or injury with respect to the quantity of food he receives. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(allegation that prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment, in the absence of deleterious effects). In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant is deliberately indifferent to a need. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991). Plaintiff has not satisfied these elements in his Complaint and his Complaint is therefore dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

---

[1] With respect to his claim that some prisoners can afford to buy things at the Canteen and some cannot, the court notes that this same perceived inequity exists outside of the prison walls.

**SO ORDERED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge