IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV165-03-MU

TONEY RECOE KING, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
ROBERT C. LEWIS; ROBERT COOPER; )
NORTH CAROLINA DEPARTMENT OF )
CORRECTION, )
)
    Defendants. )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 28, 2009. (Document No. 1); Defendants' Motion for Summary Judgment (Doc. Nos. 26 and 27); and Plaintiff's Response (Doc. No. 25.) For the reasons stated herein, Defendants' Motion for Summary Judgment will be granted and Plaintiff's Complaint will be denied and dismissed.

This Court previously dismissed Plaintiff's Complaint on initial review for failure to state a claim for relief (Doc. No. 5.) By Order dated December 31, 2010, the Fourth Circuit vacated this Court's Order and remanded the case finding that dismissal prior to a response from the Defendants was premature. The Court also concluded that Petitioner's allegations of inadequate food were sufficient to state a cognizable claim. However, the Fourth Circuit expressed no opinion as to the ultimate disposition of this claim. King v. Robert Lewis et al., 358 Fed. App'x 459 (4th Cir., 2009).

Plaintiff contends that while housed at Avery Mitchell Correctional Institution[1] he was

---

[1] Plaintiff was housed at Avery Mitchell from April 10, 2008 to November 5, 2009. From November 5, 2009 to the present, Plaintiff has been housed at Brown Creek Correctional Institution. (Speer Affidavit ¶ 2, Doc. No. 27-3.)

1

served an inadequate quantity of food per meal or per day causing him undue physical hardship because he was hungry and mental hardship because he worried about food and could not focus on his rehabilitation. Specifically, Plaintiff alleged that the "vegetable served only add up to less than two (2) teaspoonful, eggs served during breakfast add up to even less; meats served is often less than two (2) ounces. Most meals would not add up to six (6) ounces total." (Complaint at 6.) He further contends that he suffered greater punishment than those "fortunate prisoners" who have family and friends who send them money to purchase food and other items from the Canteen. (Complaint at 7.) Plaintiff also alleges that the Department of Correction uses food as a tool of punishment because when a prisoner violates a prison rule, the institution limits or, in some instance, restricts, that prisoner's spending in the Canteen.

By way of relief, Plaintiff asks that this Court declare that Defendants have violated the Constitution, issue a permanent injunction ordering all Canteens closed and directing that a food inspector be assigned to each prison and punitive damages in the amount of $72,800.00 per defendant.

The Fourth Circuit remanded Plaintiff's Complaint finding that dismissal prior to a response from the State was premature and concluded that Plaintiff's allegation that the food quantity served to him at Avery Mitchell was inadequate both in terms of quantity and nutritional standards was sufficient to state a cognizable claim. Allegations of inadequate food for human nutritional needs are sufficient to state a cognizable claim, see Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978), so long as the deprivation is serious and the defendant is deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294 (1991).

In the instant case, the basis of Plaintiff's complaint is that the prison served nutritionally inadequate food portions and that he suffered "physically due to periodic pain associated with

2

hunger" and "mentally because [he] cannot focus on his rehabilitation he must continue to worry about food or the lack there of." (Complaint at 8.)

Defendants submitted the affidavit of Patrick Childress, Food Services Manager at Avery Mitchell Correctional Institution in response to Plaintiff's Complaint. In his affidavit, Mr. Childress avers that he does not make the menus at Avery Mitchell nor can he change them. He explains that "menus and recipes are written in Raleigh for the entire prison system and are designed to be nutritionally adequate." He further explains that he has "very little flexibility in the amount of food [his] staff prepares for a meal, which is determined by the recipes we must follow and by the number of inmates we must serve. Some foods allow no flexibility (such as the serving sizes of meats), whereas for others foods (such as gravy) on some days we might have enough ingredients to make a little more than on other days. In any event, at each meal inmate receiving a standard diet is served portions of the same size." (Childress Affidavit, Doc. No. 27-1.) The Defendants also submitted the affidavit of Jacqueline Parker, dietitian employed by the North Carolina Department of Correction as the Chief of its Food and Nutrition Management Section. Ms. Parker avers that menus are written and analyzed for each meal for each day by a registered dietitian at the Division of Prison's central office in Raleigh which are to be followed uniformly at each prison. Such menus are "designed to meet inmates' nutritional needs based on the Dietary Reference Intakes established by the Food and Nutrition Board of the National Academy of Sciences. Our standard menus provide an average 2600 calories[2] per day for adult male inmates (not including whatever snack foods an inmate may purchase from prison

---

[2] The Court notes that Defendants also provided a copy of an unpublished case from the District of Arizona finding that 2400 to 2500 calories was nutritionally adequate for the light activity engaged in by typical jail inmates. Hartman v. Arpaio, 2007 U.S. Dist. LEXIS 10231 (D. Ariz. 2006)

canteens." Parker Affidavit, Doc. No. 27-2.)  Finally, the Defendants submitted the affidavit of Frank Speer, Nurse Supervisor at Brown Creek Correctional.[3]  Nurse Speer avers that he has reviewed Plaintiff's medical records beginning in April, 2008 to the present to determine if there was any indication that Plaintiff had any health problems related to his diet.  Other than his hunger strike in September and October 2009, which had nothing to do with the meals he was served prior to the strike,[4] Plaintiff's medical records do not evidence a nutritionally inadequate diet or any health problems related to his diet.  (Speer Affidavit, Doc. No. 27-3.)

Plaintiff's claims regarding the portions of his food must fail.  While Plaintiff delineates several different claims for relief, his main claim is that the food portions he received while at Avery Mitchell were inadequate.[5]  In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant is deliberately indifferent to a need. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991).  Plaintiff has not established either.  While Defendant's Motion for Summary Judgment is supported by evidence that the menus served at

---

[3] The Court notes that Plaintiff is currently housed at Brown creek Correctional.

[4] In his response to Defendants' Motion for Summary Judgment, Plaintiff concedes that his hunger strike had nothing to do with his current claim that he was served an inadequate quantity of food at Avery Mitchell.  Instead, he claims that he went on a hunger strike because he was not permitted to attend "cook school."  (Doc. No. 29 at 8.)

[5] With respect to his claim that some prisoners can afford to buy things at the Canteen and some cannot, the court notes that this same perceived inequity exists outside of the prison walls.  Furthermore, the dieticians employed by the State plan the meals served at the Department of Corrections facilities without regard to any items prisoners may purchase at the canteen.  In other words, the caloric intake of 2600 calories per day satisfy the Dietary Reference Intakes established by the Food and Nutrition Board of the National Academy of Sciences. (Parker Affidavit ¶ 4, Doc. No. 27-2.)  The Department of Corrections is required to feed the inmate population with nutritionally adequate meals, not provide inmates with as much as they want to eat.  Any canteen items are just extra and not an entitlement.  Therefore, Plaintiff's miscellaneous claims regarding the canteen and his punishment claim are without merit.

Department of Corrections facilities are prepared by registered dietitians and provide an average 2600 calories a day for adult males, Plaintiff merely continues to maintain his own personal belief that his food quantity was insufficient. Defendants' evidence further establishes that if medical staff determines that an inmate requires more than 2600 calories per day in order to maintain health, such inmate will receive the extra calories. (Parker Affidavit ¶ 4.) Plaintiff has not submitted any evidence indicating that medical determined that he required additional calories to maintain his health.[6] Defendants' evidence also indicates that Plaintiff reported no health problems related to his diet. Further Plaintiff does not allege a significant illness or injury with respect to the quantity of food he receives. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(allegation that prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment, in the absence of deleterious effects). Instead, Plaintiff complains only that he occasionally experienced hunger pains and that he worried about not having enough food so he could not focus on his rehabilitations. This falls far short of any deleterious effect or actual weight loss. White, 1 F.3d at 269; Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999).

Therefore, for the reasons stated herein, Plaintiff has not established his claim that he received inadequate food for human nutritional needs. Specifically, he has not established a serious deprivation that the Defendants were deliberately indifferent to as is required. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991).

---

[6] The Court notes that in his response to Defendants' Motion for Summary Judgment, Plaintiff argues that he has a high activity level, however, he does not argue that there has been a specific medical determination that his alleged high activity level requires him to receive additional daily calories to maintain his health.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DENIED and DISMISSED.

**SO ORDERED**.

Signed: June 1, 2010

Graham C. Mullen
United States District Judge